## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**TOLLBROOK, LLC,**

        Plaintiff,

    v.

**CITY OF TROY,**

        Defendant.

Case No. 20-cv-11938
Hon. Linda V. Parker
Magistrate Anthony P. Patti

_____/

| | |
|---|---|
| **CARSON FISCHER, PLC** | **LORI GRIGG BLUHM (P46908)** |
| **ROBERT CARSON (P11682)** | **JULIE Q. DUFRANE (P59000)** |
| **DAVID SCHLACKMAN (P58894)** | Attorneys for City of Troy |
| Attorney for Plaintiff | 500 W. Big Beaver Rd. |
| 4111 Andover Road, West 2nd floor | Troy, MI 48084 |
| Bloomfield Hills, MI 48302 | (248) 524-3320 |
| (248) 644-4840 | j.dufrane@troymi.gov |

_____/

## DEFENDANT CITY OF TROY'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

## ORAL ARGUMENT REQUESTED

Defendant City of Troy moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing Plaintiff's Complaint because Plaintiff has failed to state a claim upon which relief can be granted. In support of this motion, Defendant states as follows:

1. Plaintiff is a property developer and the owner of three parcels of property located in the City of Troy currently zoned for R-1B which permits development of single family residential homes. (Complaint at ¶¶ 1, 6).

2. Plaintiff seeks to rezone the property to BB which permits mixed-use development, including multi-family residential uses, offices, institutions, and retail and entertainment complexes. (Complaint at ¶¶ 10, 12).

3. Defendant City of Troy regulates rezoning requests through its Zoning Ordinance, Title V, Chapter 39, Section 16 of the Troy City Code. (Complaint at ¶ 3).

4. Chapter 39 of the Troy City Code was adopted by the Troy City Council on April 18, 2011 with minor amendments effective as of March 24, 2016. The applicable portions of the Zoning Ordinance are attached as Exhibit D.

5. As admitted in its Complaint, Defendant exercised its discretion to deny the rezoning applications. (Complaint at ¶¶ 15, 20).

6.   Plaintiff's Complaint should be dismissed because, as more fully

explained in the attached brief, it fails to state a claim upon which relief

may be granted because under Michigan state law and Defendant's

Zoning Ordinance, Defendant's decision to rezone property as requested

by the property owner is entirely discretionary, and Plaintiff does not

have a constitutionally recognized property interest in rezoning its

property.

> s/Julie Quinlan Dufrane
> JULIE QUINLAN DUFRANE (P59000)
> Attorney for City of Troy
> 500 W. Big Beaver Road
> Troy, MI 48084
> (248) 524-3320
> J.Dufrane@troymi.gov

Dated: July 23, 2020

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**TOLLBROOK, LLC,**

       Plaintiff,

   v.

**CITY OF TROY,**

       Defendant.

Case No. 20-cv-11938
Hon. Linda V. Parker
Magistrate Anthony P. Patti

_____/

| | |
|---|---|
| **CARSON FISCHER, PLC** | **LORI GRIGG BLUHM (P46908)** |
| **ROBERT CARSON (P11682)** | **JULIE Q. DUFRANE (P59000)** |
| **DAVID SCHLACKMAN (P58894)** | Attorneys for City of Troy |
| Attorney for Plaintiff | 500 W. Big Beaver Rd. |
| 4111 Andover Road, West 2nd floor | Troy, MI 48084 |
| Bloomfield Hills, MI 48302 | (248) 524-3320 |
| (248) 644-4840 | j.dufrane@troymi.gov |

_____/

## DEFENDANT CITY OF TROY'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

## <u>CERTIFICATIONS</u>

1.  Pursuant to E.D. Mich. L.R. 7.1(a) and this Court's Motion Practice Protocol,

    Defendant City of Troy states as follows:

    a.  On July 23, 2020, the undersigned counsel certifies that she attempted to seek concurrence from opposing counsel, ROBERT CARSON and DAVID SCHLACKMAN. In an email, undersigned counsel advised opposing counsel regarding the nature of this motion and its legal basis and invited further discussion; concurrence was not received prior to filing this motion.

    s/Julie Quinlan Dufrane
    Julie Quinlan Dufrane (P59000)
    Assistant City Attorney
    Attorney for Defendant City of Troy

2.  Defendant City of Troy states as follows:

    Local Rule Certification: I, Julie Quinlan Dufrane, certify that this document, including the attached Brief in Support, complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

    s/Julie Quinlan Dufrane
    Julie Quinlan Dufrane (P59000)
    Attorney for Defendant City of Troy

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

The issue presented in this motion is whether Plaintiff, Tollbrook LLC, a property developer, has stated claims for which it is entitled to any requested relief.

The Complaint alleges that Defendant, CITY OF TROY, violated the developer's substantive due process rights when Defendant denied the developer's application to rezone certain property owned by the developer.  Plaintiff also alleges that the City of Troy's decision to deny the rezoning request was arbitrary and capricious resulting in an unconstitutional taking of the developer's property. To be successful on these claims, Plaintiff must first establish that it had a protected property interest.  Due to the discretionary nature of the process used to rezone property under Michigan state law and Troy's local ordinances, Plaintiff's pleadings have failed to establish the requisite property interest, and its Complaint must be dismissed.

## <u>CONTROLLING AUTHORITY</u>

*Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031 (1992).

*EJS Properties v. City of Toledo, et al,* 689 F.3d 845 (6th Cir. 2012).

*Shelton v. Rutherford County, Tenn.*, 780 F.Supp.2d 653 (2011).

MCL 125.3405 (Attached).

Troy Zoning Ordinance, 16 – Amendments (Attached).

## SUMMARY OF THE CASE

This case arises out of a zoning dispute between, Plaintiff, Tollbrook LLC, and the City of Troy, Defendant.  Plaintiff, a property developer, seeks to rezone three parcels of property located in the City of Troy that the City of Troy does not desire to rezone. Each of these parcels is currently designated R-1B zoning which means they are zoned for single family residential homes, and indeed, when the parcels were purchased, there were single family homes on each parcel.  Plaintiff would like to have the property rezoned to a zoning designation of BB ("Big Beaver District") which allows for a variety of much more intense uses including offices, institutions, services, and retail and entertainment establishments.  Many residents who live in the single family homes near the proposed rezoning site emphatically oppose rezoning the three parcels.

### *History of Litigation between these same parties*

The dispute between these parties is mired in a complex history dating back to June of 2016. As alleged in the Complaint, Plaintiff-developer initially applied to have the subject parcels conditionally rezoned so that a 140 unit apartment building could be constructed. Plaintiff's June 2016 conditional rezoning application was denied, and Plaintiff subsequently sued the City of Troy under 42 U.S.C. §§ 1983 and 1988 in United State District Court claiming a violation of its substantive due process rights. (Exhibit A, Complaint dated May 4, 2017, assigned case number 17-

11417). The May 4, 2017 Complaint was dismissed by the Honorable Judge Mark
Goldsmith, and the dismissal was affirmed after an appeal to the Sixth Circuit Court
of Appeals. (Exhibits B and C).

While the appeal was pending, Plaintiff-Developer submitted another
application to the City of Troy seeking to rezone the same three parcels. Unlike the
first application, this second application, submitted in February of 2019, did not
contain any conditions related to how the parcels would be used; such a request is
commonly referred to as a "straight" rezoning.  The February 2019 application to
rezone the parcels was also denied by the Troy City Council. (Complaint at ¶ 20).

Plaintiff then submitted an application to the Troy Zoning Board of Appeals
("Troy ZBA") seeking a use variance.  The use variance application did not
identify a specific use for the property, stating simply a general desire "to use the
McClure Properties in accordance with the BB, Big Beaver District." (Complaint
at ¶ 22).  The uses allowed in the BB District under Troy's Zoning Ordinance vary
widely and include more intense uses such as offices, institutions, retail,
entertainment, and services.  (Complaint at ¶ 10). Most of these uses are
completely incompatible with the adjacent neighborhood of single family homes.

The Troy ZBA denied the use variance because it found that the application
did not meet the standards and criteria outlined in the City's Zoning Ordinance.
(Complaint at ¶ 25 and Complaint Exhibit A). Further, citing an absence of

3

jurisdiction, the Troy ZBA declined to address Plaintiff's appeal of the Troy City Council's denial of the rezoning request.  The ZBA does not have the authority review a legislative decision of the City Council, such as a rezoning request. (Exhibit D, Troy Zoning Ordinance, Article 15, Section 15.04(B)).

In January of 2020, Plaintiff filed a combined Complaint and Claim of Appeal in Michigan's Oakland County Circuit Court. (Complaint at ¶ 30; *See also* Exhibit E, Complaint filed in Oakland Circuit Court dated January 7, 2020).  This filing improperly invoked the state court's original jurisdiction along with its appellate jurisdiction, so the Oakland County Circuit Court dismissed the Complaint. (Exhibit F). Plaintiff's Claim of Appeal is proceeding in the Oakland County Circuit Court, and there it is consolidated with a companion case entitled *Tollbrook West v. City of Troy*. (Complaint at ¶ 30). Defendants assert that while Plaintiff's appeal is pending in state court, the instant Complaint should be dismissed or alternatively, it should be stayed during the pendency of the appeal in state court.

Plaintiff filed the instant Complaint on June 26, 2020 in state court which Defendant then removed to this Federal District Court on July 17, 2020.  As its first response to the Complaint, Defendant City of Troy, files this Motion to Dismiss.

Plaintiff's Complaint reasserts and re-alleges legal claims concerning the conditional rezoning application. (Complaint at ¶¶ 12-15; 48-49).  These allegations and legal claims were previously decided and disposed of in United States District

Court case number 17-11417. (Exhibits B and C). Defendant, City of Troy, argues within that the allegations contained in the Complaint are *res judicata*.

With respect to the portion of Plaintiff's Complaint concerning the rezoning application filed in February of 2019 while the prior case was on appeal, Plaintiff has failed to state a claim for which relief can be granted. Under state and local laws, Defendant's decision to approve or deny the rezoning request is entirely discretionary, and because it is discretionary, Plaintiff does not have a constitutionally protected property interest in having the property rezoned.

## FACTS

The factual allegations contained in Plaintiff's Complaint are not significantly disputed.  On or about June 15, 2016, Plaintiff submitted an application to Defendant, City of Troy, seeking a conditional rezoning of three parcels located on McClure Road in the City of Troy.  (Complaint at ¶ 12).  These parcels are currently zoned R-1B, single family residential.  (Complaint at ¶ 6). The application sought conditional rezoning of the parcels to the City's Big Beaver form based district designated as BB so that Plaintiff could construct a five story, 140 unit apartment building.  (Complaint at ¶ 12).  The parties do not dispute that the current zoning does not allow a multi-family residential unit, namely a 140 unit apartment building, to be built on the McClure parcels.

After a series of public hearings before the Troy Planning Commission and the Troy City Council, Plaintiff's application for conditional rezoning of the three subject parcels on McClure Road was ultimately denied by the Troy City Council on April 17, 2017.  (Complaint at ¶ 15).

Plaintiff filed suit against the City of Troy on May 4, 2017 alleging that its substantive due process rights were violated under 42 U.S.C. §§ 1983 and 1988 when the City denied its conditional rezoning application. (Exhibit A).  This case, number 17-11417, was dismissed by the Honorable Judge Mark Goldsmith in this United States District Court, and the dismissal was affirmed after an appeal to the Sixth Circuit Court of Appeals. (Exhibits B and C).

While the previous case was on appeal, as further alleged in Plaintiff's Complaint, Plaintiff-developer submitted a new application to the City of Troy seeking to rezone the same three parcels without attaching any conditions to the requested rezoning. (Compliant at ¶ 16). This type of rezoning is sometimes referred to as "straight" rezoning. The Troy City Council denied Plaintiff's rezoning request on July 22, 2019, (Complaint at ¶ 20) and subsequently, Plaintiff applied for a use variance from the Troy Zoning Board of Appeals which was also denied. (Complaint at ¶¶ 22, 25).

Plaintiff filed the instant action against the City of Troy on June 26, 2020 alleging that the City of Troy violated Plaintiff's substantive due process rights

when its June 2016 conditional rezoning, February 2019 rezoning, and August

2019 use variance applications were denied. (Complaint at ¶¶ 48-49). For the

reasons outlined below, Defendant respectfully requests this Court dismiss

Plaintiff's Complaint.

## LEGAL ANAYLSIS

Standard of Review:   Defendant, City of Troy, seeks dismissal of Plaintiff's

lawsuit under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief

can be granted. In reviewing a motion to dismiss, courts primarily consider the

allegations in the complaint. This Court must "construe the complaint in the light

most favorable to the plaintiff, accept its allegations as true, and draw all

reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic*

*Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). This Court, however, "is not bound to

accept as true legal conclusion[s] couched as factual allegation[s]." *Bell Atlantic*

*Corp., v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Nor is this Court limited to the four corners of the Complaint. It may consider

matters of public record without converting the motion into one for summary

judgment. *Amini v. Oberlin Coll*., 259 F.3d 439, 502 (6th Cir. 2001) (*quoting*

*Nieman v. NLO, Inc*., 108 F.3d 1546 (6th Cir. 1997). All exhibits attached to this

motion are matters of public record (*i.e.* agendas and meeting minutes from public

hearings and the applicable portions of Troy's Zoning Ordinance), and a clear

inference can be made that Plaintiff references these matters in its Complaint.

Res judicata: The federal courts have traditionally adhered to the related

doctrines of *res judicata* and collateral estoppel. Under *res judicata,* a final

judgment on the merits of an action precludes the parties from re-litigating issues

that were or could have been raised in that action. *Cromwell v. County of Sac,* 94

U.S. 351, 352. Once a court has decided an issue of fact or law necessary to its

judgment, that decision may preclude re-litigation of the issue in a suit on a

different cause of action involving a party to the first case. *Montana v. United*

*States,* 440 U.S. 147, 153.n.5 As courts have often recognized, *res judicata* relieves

a party of the cost and vexation of multiple lawsuits, conserves judicial resources,

and, by preventing inconsistent decisions, encourages reliance on adjudication. *Id.,*

at 153-154. As noted above, Plaintiff's Complaint, at paragraphs 12-15, and 48-49,

re-alleged and re-asserts the same issues and claims associated with the conditional

rezoning application that were presented and decided in a previous case filed in

Federal District Court, assigned number 17-11417. (Exhibits B and C). Plaintiff's

Complaint is re-alleging and re-asserting that the property should be rezoned so

that it can develop the parcels in a way that is not allowed under the current

zoning, namely something other than single family residential homes. This issue

was already decided.  The Troy City Council has discretion whether to rezone

property, and the Troy City Council has now decided twice, that rezoning the parcels to something other than zoning for single family residential homes is not in the best interest of the City or the residents of the City. As such, Plaintiff's Complaint should be dismissed based on issue preclusion.

## I.

### PLAINTIFF'S COMPLAINT IS NOT RIPE FOR REVIEW WHILE THE CLAIM OF APPEAL IS PENDING IN STATE COURT

Plaintiff's Complaint should be dismissed because the allegations are not ripe for review while the Claim of Appeal is pending is state court. It is conceivable that the Oakland County Circuit Court, where the Claim of Appeal is pending, could remand the matter back to the Troy ZBA for further proceedings. Under MCR 7.122(G)(1)(b)

> "[i]f the court finds the record inadequate to review the decision or finds that additional material evidence exists that with good reason was not presented the court **shall** order further zoning board of appeals proceedings… . The zoning board of appeals **may modify** the findings and decision as a result of the new proceedings… ." (emphasis added).

One hallmark of judicial review of takings and substantive due process claims concerns the finality requirement; that is the land owner must "show that 'the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question.' " *Frenchtown Charter Twp v City of Monroe*, 275 MichApp 1, 6; 737 NW2d 328

(2007), quoting *Paragon Prop Co v Novi*, 452 Mich 568, 577; 550 NW2d 772 (1996). "Without a final decision from the zoning authority, a plaintiff cannot demonstrate that the zoning ordinance or decision specifically injured the plaintiff." *Hendee v Putnam Twp.*, 486 Mich 556, 569; 786 NW2d 521 (2010). The finality requirement aids in the determination of whether a taking has occurred by addressing the actual economic effect of a regulation on the property owner's investment-backed expectations. These factors cannot be evaluated until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question. (*Id.*)

Clearly, given that the Michigan court rule governing appeals from zoning ordinance determinations contemplates the possibility of further proceedings at the ZBA and the distinct possibility that a different decision could be made by the ZBA, the issues presented in Plaintiff's Complaint are not ripe for review while the Claim of Appeal is pending. This Court should dismiss Plaintiff's Complaint pending the resolution of the appeal in state court, or alternatively, this Court should stay further proceedings until Plaintiff's appeal in state court is finally resolved.

## II.

**PLAINTIFF DOES NOT HAVE A CONSTITUTIONALLY PROTECTED INTEREST IN THE REZONING OF THE PROPERTY BECAUSE THE DECISION TO REZONE PROPERTY IS DISCRETIONARY**

Plaintiff has failed to allege that it has a constitutionally protected property interest in having its property rezoned, and on that basis, dismissal on the pleadings is appropriate under FRCP 12(b)(6).

A plaintiff alleging a substantive due process violation resulting from a zoning decision must show "that (1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action." *EJS Properties v. City of Toledo, et al.,* 689 F.3d 845 (6th Cir. 2012). It does not matter which prong of this two-step analysis the Court begins with, but it is clear that both prongs must be met.

A property owner is vested with a constitutionally protected interest only when there is a legitimate claim of entitlement or a justifiable expectation protected by the Due Process Clause. (*Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992)). When the decision to approve or deny a benefit is "wholly discretionary," a property owner does not have a protected property interest. (*Med Corp., Inc., v. City of Lima,* 296 F.3d 404, 409 (6th Cir. 2002)). This lack of a protected property interest is true even where an application complies with minimum requirements. (*Id*.; *See also Triomphe*

11

*Investors v. City of Northwood*, 49 F.3d 198, 202-03 (6th Cir. 1995)).   In other words, in order to plead a viable claim, Plaintiff must demonstrate that the City of Troy lacked the discretion to deny its proposed rezoning.  Plaintiff has not and cannot meet this burden, because the state law (MCL 125.3101 *et seq*) and the City's Zoning Ordinance (Chapter 39, Section 16) vest ultimate discretion with the Troy City Council, the Defendant's legislative body, for acting on a rezoning application.

Protected property interests are created and their dimensions are defined by existing rules that stem from state laws. (*Wojcik v. City of Romulus*, 257 F.3d 600, 609-11 (6th Cir. 2001).  In determining if a Plaintiff has a protected property interest when challenging a rezoning application, Courts must review state and local zoning laws. (*Wedgewood Ltd. P'ship I v. Twp of Liberty, Ohio*, 610 F.3d 340, 352 (6th Cir. 2010), *See also Andreano v. City of Westlake*, 136 Fed.Appx. 865,871 (6th Cir. 2005)).

A property owner may have a protected property interest in the existing zoning classification and a justifiable expectation that a zoning classification is vested unless or until it is properly amended. (See e.g.*Wedgewood Ltd. P'ship I v. Twp. Of Liberty, Ohio*, 610 F.3d 340, 353 (6th Cir. 2010).  However, this Court must consider that this case concerns a developer who is seeking to change the existing zoning of the property to develop it in a more intense way.  Unlike

12

many cases involving zoning disputes, here the City is merely maintaining the status quo as to the zoning designation of the three parcels.  The Plaintiff-developer does not have, and relevant case law does not support the position, that a developer has a protected property interest in changing the existing zoning, especially where that zoning existed when the property was purchased. And, it is especially true where there is significant public discourse and outcry from the immediately affected residents of the neighborhood who disfavor the proposed rezoning.

The Michigan Zoning Enabling Act ("MZEA") grants local governments the authority to regulate land uses. (*See* MCL 125.3101 *et seq*). And, it affords local municipalities broad discretion with respect to approving rezoning requests. Likewise, the City's Zoning Ordinance retains for its City Council this broad discretion concerning approving or denying rezoning requests.

Rezoning of property is authorized by the Michigan Zoning Enabling Act ("MZEA").  (Exhibit G at sections 201 and 202).  The MZEA at 125.3202 provides, in pertinent part:

> *(1) The legislative body of a local unit of government may provide by ordinance for the manner in which the regulations and boundaries of districts or zones shall be determined and enforced or amended or supplemented. Amendments or supplements to the zoning ordinance shall be adopted in the same manner as provided under this act for the adoption of the original ordinance.*

13

> *(2) Except as provided in subsection (3), the zoning commission shall give a notice of a proposed rezoning in the same manner as required under section 103.*
>
> ***
>
> *(4) An amendment to a zoning ordinance by a city or village is subject to a protest petition under section 403.*

Further, the relevant portion of MCL 125.3201 provides:

> *(1) A local unit of government may provide by zoning ordinance for the regulation of land development and the establishment of 1 or more districts within its zoning jurisdiction which regulate the use of land and structures to meet the needs of the state's citizens for food, fiber, energy, and other natural resources, places of residence, recreation, industry, trade, service, and other uses of land, to ensure that use of the land is situated in appropriate locations and relationships, to limit the inappropriate overcrowding of land and congestion of population, transportation systems, and other public facilities, to facilitate adequate and efficient provision for transportation systems, sewage disposal, water, energy, education, recreation, and other public service and facility requirements, and to promote public health, safety, and welfare.*
>
> ***
>
> *(4) A local unit of government may adopt land development regulations under the zoning ordinance designating or limiting the location, height, bulk, number of stories, uses, and size of dwellings, buildings, and structures that may be erected or altered, including tents and recreational vehicles.*

The state law mandates procedural protections before granting a rezoning request. The use of the permissive term "may" throughout the relevant portions of the statute clearly vests municipalities with discretion in the consideration of amending its zoning ordinance, including whether to rezone property.

14

The City of Troy's Zoning Ordinance, Article 16, further demonstrates the discretion afforded to the City when it reviews straight rezoning applications. Specifically, Council's discretion is outlined in Section 16.01 of the Zoning Ordinance, and it reads:

> *The City Council may amend the District boundaries or the regulations herein [ ] pursuant to the [MZEA]. Amendments to the official zoning map that constitute a change in zoning classification are referred to as rezonings.*
>
> *Amendments may be initiated by: resolution of the City Council or the Planning Commission; petition of one (1) or more property owners; or by one (1) or more person acting on behalf of a property owner(s).*

The procedure for considering a rezoning application is well defined in the City's Zoning Ordinance. Under section 16.03(A)(4), the Planning Commission reviews the application first and sends a recommendation to the Council. Only City Council is vested with final authority to amend the zoning ordinance. (Exhibit D, Troy's Zoning Ordinance at § 16.01). By Ordinance, City Council must review the rezoning application, the record of the Planning Commission, including the recommendation made and any reports prepared by the Planning Department, and it must schedule a public hearing where it must do one of the following: (1) approve all or part of the application, (2) deny the application or (3) postpone the application. (*Id*. at § 16.03(A)(5) and (6).

15

Troy's Zoning Ordinance mandates that before a rezoning can be approved, all five standards of approval must be satisfied. (*Id*. at §16.03(C)). At least three of these conditions, numbered 3-5 in the ordinance, are subjective in nature, including the following:

> *(1) Public services and facilities will be capable of accommodating service and facility loads caused by use of the development.*
>
> *(2) The rezoning will not impact public health, safety, or welfare.*
>
> *(3) The rezoning will ensure compatibility with adjacent uses of land.*

This express language further demonstrates the discretion afforded to the Troy City Council in considering Plaintiff's rezoning application. The subjective nature of these rezoning provisions defeats Plaintiff's substantive due process allegations because it does not have a legitimate claim of entitlement or a justifiable expectation in the approval of its rezoning application. Absent such entitlement, Plaintiff cannot demonstrate a constitutionally protected property interest that was allegedly deprived when its rezoning application was denied.

Clearly, Defendant had discretion whether to approve or deny Plaintiff's application to rezone the three parcels on McClure. And, the fact that Defendant had such discretion means that Plaintiff did not have a "legitimate claim of entitlement" or a "justifiable expectation" in the approval of its rezoning application sufficient to establish the existence of a constitutionally protected property interest.

16

The case before this Court is not entirely different than *Silver v. Franklin Twp. Bd. of Zoning Appeals* considered by the Sixth Circuit Court of Appeals in 1992.  In *Silver*, the plaintiff sought a conditional zoning certificate. The plaintiff wanted to build a condo complex which it was not permitted to do absent the conditional zoning certificate.  Initially, the defendant board granted approval of the certificate, but imposed seven conditions to be fulfilled.  Later, defendant rescinded the approval ostensibly because plaintiff's site plans changed and he was unable to fulfill at least two of the previously imposed conditions. The United States District Court, Northern District of Ohio, granted summary judgment in favor of defendant based on qualified immunity.  The Sixth Circuit Court of Appeals affirmed the decision, but on slightly different grounds.

On appeal, the Sixth Circuit reviewed the defendant's applicable Zoning Resolution and concluded that because the resolution used subjective terms requiring the proposed land use to be "desirable" to the board and that the use should be "harmonious," "appropriate," and "not detrimental" to the general vicinity and adjacent neighborhoods, the board retained "broad discretion" whether to issue the conditional rezoning certificate. Thus, the Court concluded that the plaintiff did not possess a property interest sufficient to support a substantive due process claim.  *Silver, supra* at 1036.

Another case, *Shelton v. Rutherford County, Tenn.*, 780 F.Supp.2d 653 (2011), is somewhat similar to the case before this Court. In *Shelton*, the plaintiffs applied to rezone property from "agriculture, residential or religious" uses to "commercial" uses so that they could build a Bible themed park. The plaintiffs' application was denied by the defendant County Commission because at the time of the vote a valid protest petition[1] was thought to have been submitted which increased the required votes to pass to fourteen. The application failed because only twelve members of the commission voted in favor of the application.

The plaintiffs in *Shelton* argued that they had a "legitimate claim of entitlement" that their zoning application would be approved if it met all of the county's zoning requirements. They maintained further that the defendant County Commission lacked discretion to deny their application if their application met all of zoning requirements. *Shelton, supra* at 660. The District Court disagreed. The Court determined that the County's decision whether to approve the application was a clear "exercise of discretion" based on the use of the term "may" in the County's zoning resolution. *Id*. at 662. The Court reviewed the County's Zoning

---

[1] Plaintiff subsequently challenged the Commission's decision by attacking the protest petition in Tennessee Chancery Court. Plaintiff asserted that the county's attorney had misapplied the definition of "owner" when he calculated whether the threshold number of signatures needed for a valid protest petition had been met. The Tennessee Court vacated the Commission's previous decision regarding the zoning application. While an appeal was pending on that issue, Shelton filed his claim under 42 U.S.C. § 1983 in Federal District Court. (*Shelton, supra* at 657-58).

Resolution further and determined that the standards that must be met prior to approval were "plainly subjective in nature."  *Id*. The Court ultimately ruled that the defendant County Commission "clearly had discretion and exercised that discretion when voting upon whether to approve or deny Plaintiff's petition." *Id*.

The Court in *Shelton* concluded, in line with *Silver,* discussed *supra*, that "the fact that the Commission had such discretion means that the Plaintiffs did not have a 'legitimate claim of entitlement' or a 'justifiable expectation' in the approval of their zoning application sufficient to establish the existence of a constitutionally protected property or liberty interest."  *Shelton*, 780 F. Supp.2d at 663.

Finally, a discretionary rezoning issue was reviewed by the Sixth Circuit Court of Appeals in *EJS Properties v. City of Toledo, et al.,* 689 F.3d 845 (6th Cir. 2012). In order to build a charter school, the plaintiff in *EJS* submitted a rezoning application to the Toledo-Lucas County Planning Commission for review.  The planning commission recommended approval of the application to the Toledo City Council.  The matter was referred to the Toledo City Council's Zoning and Planning Committee where it was unanimously recommended for approval to the Toledo City Council.  Of note, seven members of the Toledo City Council also served on the City's Zoning and Planning Committee.  After some delays and some alleged political shenanigans involving a request for monetary donations,  the

rezoning application was voted on by the full board of Toledo City Council members where it failed by vote of four to seven (4-7). Four Council members had changed their vote from the previous vote held at the Committee portion of the process. *EJS Properties, supra* at 851-53.

The United States District Court for the Northern District of Ohio held that plaintiff's substantive due process claim failed as a matter of law because it did not have a sufficient liberty or property interest to sustain the claim. *Id*. at 855. The lower court's decision was affirmed on appeal when the Sixth Circuit Court of Appeals also concluded that due to the "categorically discretionary nature of the zoning procedures used by the City of Toledo," Plaintiff could not meet its burden of establishing a property interest in the rezoning of his property. *Id*. at 856. This ruling was despite plaintiff's argument that even if the defendant had discretion, it "must be exercised free of corruption and illicit motives." *Id*. (quoting Appellant's brief). An argument that the Court dismissed.

Based on the above discussion of the City of Troy's Zoning Ordinance and analysis of relevant case law, it should be clear that Defendant City of Troy had the requisite discretion to grant or deny Plaintiff Tollbrook LLC's rezoning application. This discretion exists regardless of whether Plaintiff's submission complied with all of the requirements in the City's Zoning Ordinance. Absent a constitutionally protected property interest, Plaintiff's claim fails. Therefore,

Defendant City of Troy respectfully requests this Court dismiss Plaintiff's lawsuit by granting its Motion to Dismiss.

### III.

### DEFENDANT'S EXERCISE OF ITS DISCRETION TO DENY PLANTIFF'S APPLICATION TO REZONE THE THREE PARCELS ON MCCLURE WAS NOT ARBITRARY AND CAPRICIOUS

Plaintiff's Complaint alleges, in a conclusory manner only, that City Council's decision to deny Plaintiff's applications to rezone the property was arbitrary and capricious. (Complaint at ¶¶ 42, 48). These conclusory statements of law are insufficient for this Court to override the legislative zoning decision made by the Troy City Council after public hearings.

Michigan zoning law has long stood for the principle that municipalities are entitled to deference with their legislative land use decisions, and plaintiffs have a very difficult burden to establish invalidity or unconstitutionality. *Kropf v. Sterling Heights*, 391 Mich. 139, 161-63, 215 N.W.2d 179 (1974); *Robinson v. Bloomfield Hills*, 350 Mich. 425, 432, 86 N.W.2d 166 (1957); *Bonner v. Brighton*, 495 Mich. 209, 228-34, 848 N.W.2d 380 (2014).

The current zoning, R-1B, is consistent with the surrounding area. This case is not one where the City has taken an affirmative, adverse action against a property owner. In short, it cannot be unreasonable or

21

arbitrary for the city to maintain the status quo as it relates to the current zoning classification.

Following this, Plaintiff's burden is to establish that the City's action in denying the requested conditional rezoning was so arbitrary and irrational that it would be unjustified by any circumstance, or in other words, shocks the conscience. *Silver*, 966 F.2d at 1036. As discussed *supra*, whether to approve a rezoning request is a discretionary decision, based on the legislative body's assessment of subjective factors, therefore, it is an almost insurmountable burden for Plaintiff to prove the City's decision as arbitrary and capricious. Plaintiff would need to demonstrate egregious conduct by the Troy City Council, and has not and cannot do so, and therefore dismissal is appropriate. In reviewing Plaintiff's Complaint, there is only a vague legal conclusion which lacks an allegation of specific conduct that would "shock the conscience" of the Court. Plaintiff recites no facts to support its claim, and Plaintiff's Complaint fails as a matter of law.

Only the most egregious official conduct can be said to be arbitrary and capricious in the constitutional sense. *Collins v. Harker Heights*, 503 U.S. 115, 129, 112 S. Ct. 1061, 117 L.Ed.2d 261 (1992). The "shocks the conscience" standard is an extremely high bar. To satisfy this high bar, the conduct must "violate the decencies of civilized conduct" and be "so brutal

and offensive that it does not comport with traditional ideas of fair play and

decency." *Dohner v. Neff*, 240 F.Supp.2d 692, 703 (N.D. Ohio 2002).

> In the Sixth Circuit, the courts recognize the difficulty of determining where conscience-shocking behavior resides on the continuum of actions. The bookends present the easier cases. Merely negligent tortious conduct is categorically beneath constitutional due process, but conduct on the other extreme end of the culpability spectrum, that which is intended to injure without any justifiable government interest, most clearly rises to the "conscience-shocking" level. Conduct that is more akin to recklessness or gross recklessness… is a matter for closer calls. These middle states of culpability may or may not be shocking depending on the context.

*Range v. Douglas,* 763 F.3d 573, 590 (6th Cir. 2014). In fact, it is difficult to

fathom a situation where a legislative body that listens and responds to public

opinion before making a discretionary decision even falls on this spectrum.

Moreover, to prevail Plaintiff must show that Defendant did not have any

rational basis for its decision. Again, there are no <u>factual</u> allegations cited by

Plaintiff in its Complaint to support its claim that the City did not have a rational

basis to deny the rezoning request. Plaintiff cannot establish that the City's action,

in denying the Plaintiff's requested rezoning was arbitrary or capricious, or that

there was no possible justification for the denial.

Plaintiff fails to recognize that before deciding whether to rezone property,

Troy's Zoning Ordinance requires Council to hold a public hearing. This public

hearing affords residents an opportunity to comment on the proposed rezoning. It

is incumbent upon members of Council to listen to the health, safety, and welfare concerns of the citizens who live in the area most affected by the developer's proposal.  Indeed, the City received a valid protest petition in advance of the public hearing citing concerns related to public health, safety, and welfare. (Exhibit H). And, during the public hearing, numerous representative residents spoke in opposition to the proposed rezoning. (Exhibit I). If Council were precluded from making a discretionary decision based on the concerns raised by residents, then there would be no need to conduct a public hearing.

For these reasons, Defendant's decision to deny Plaintiff's rezoning application is supported by an adequate rational basis, and Plaintiff's Complaint fails to state a viable claim, and should be dismissed as a matter of law.  Therefore, Defendant City of Troy respectfully requests this Court dismiss Plaintiff's lawsuit by granting its Motion to Dismiss.

## <u>CONCLUSION AND REQUESTED RELIEF</u>

The City of Troy respectfully requests that this Honorable Court grant its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). The foregoing analysis makes it clear that dismissal of Plaintiff's claims is appropriate because Plaintiff has failed to state a claim upon which relief can be granted.  Further, this case should be dismissed because the issues presented are not ripe for review while the appeal in state court is pending. Alternatively, the City of Troy seeks a stay in this matter while the appeal of the Troy Zoning Board of Appeals' decision is pending in state court. Finally, Defendant requests this Court find that the claims alleged by Plaintiff are precluded based on the previously decided case, 17-11417.

Respectfully submitted,

CITY OF TROY

By:    s/Julie Quinlan Dufrane
       JULIE QUINLAN DUFRANE (P59000)
       City of Troy Attorney's office
       Attorney for City of Troy
       500 W. Big Beaver Road
       Troy, MI 48084
       (248) 524-3320
Dated: July 23, 2020          J.Dufrane@troymi.gov

25

## PROOF OF SERVICE

I HEREBY CERTIFY that on July 23, 2020, I electronically filed

Defendant City of Troy's Motion to Dismiss, Brief in Support, and this Proof of

Service with the Clerk of the Court for the United States District Court for the

Eastern District of Michigan, Southern Division using the ECF system, and that the

ECF system will electronically notify the parties of record including Robert Carson

and David Schlackman, Attorneys for Plaintiff, Tollbrook LLC.

s/Julie Quinlan Dufrane
JULIE QUINLAN DUFRANE
Attorney for City of Troy
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
J.Dufrane@troymi.gov
