# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

TOLLBROOK, LLC,

      Plaintiff,

  v.

CITY OF TROY,

      Defendant.

Case No. 2:20-cv-11938
Hon. Linda V. Parker
Magistrate Anthony P. Patti

---

CARSON FISCHER, P.L.C.
ROBERT M. CARSON (P11682)
DAVID E. SCHLACKMAN (P58894)
4111 Andover Road
West – 2nd Floor
Bloomfield Hills, MI 48302
(248) 644-4840
rcarson@caronfischer.com
dschlackman@carsonfischer.com
*Attorneys for Plaintiff*

LORI GRIGG BLUHM (P46908)
JULIE Q. DUFRANE (P59000)
500 W. Big Beaver Rd.
Troy, MI 48084
(248) 524-3320
j.dufrane@troymi.gov
*Attorneys for Defendant*

---

## PLAINTIFF'S MOTION FOR REMAND
## TO THE OAKLAND COUNTY CIRCUIT COURT

Plaintiff TOLLBROOK, LLC ("Tollbrook"), through its attorneys, CARSON FISCHER, P.L.C., moves for a remand of this case to the Oakland County Circuit Court pursuant to 28 U.S.C. §1447(c) for the following reasons:

1. This action is not removable pursuant to 28 U.S.C. §1331, 28 U.S.C. §1441 or 28 U.S.C. §1446 and this Court lacks jurisdiction over this matter, because Tollbrook's Complaint against City of Troy ("Troy") does not allege a federal question.

2. A case arises under federal law when a "well-pleaded complaint establishes either that federal law creates a cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90, 126 S.Ct. 2121, 165 L.Ed. 2d 131 (2006).

3. On June 19, 2020, Tollbrook filed a two (2) count Complaint against Troy alleging the following state law claims only:

> a. Count I – a taking of Tollbrook's property a taking without compensation in violation of the Michigan Constitution of 1963, Art 10, Sec 2; and
>
> b. Count II – a violation of Tollbrook's substantive due process rights under the Michigan Constitution based upon Troy's application of its

zoning ordinance to Tollbrook's property as well as Troy's decisions as applied to Tollbrook's property.

4. Troy claims, without meaningful analysis, that Tollbrook's claims allege a federal question. This is simply not correct.

5. Tollbrook's well-pled claims are based upon state law only.

6. There is no basis for this Court to exercise jurisdiction over this dispute. This case must be remanded to the Oakland County Circuit Court.

7. This Motion is supported by Plaintiff's Brief in Support of Motion for Remand to the Oakland County Circuit Court, which, with exhibits, establishes the grounds for remand.

8. Pursuant to E.D. Mich. LR 7.1(a), on July 27, 2020 Tollbrook's counsel sent an e-mail to counsel for Troy in which Tollbrook's counsel explained the nature of this motion and its legal basis and requested, but did not obtain, concurrence in the relief sought.

WHEREFORE, Tollbrook, LLC respectfully requests that the Court grant this motion, remand this case to the Oakland County Circuit Court and award Tollbrook, LLC its costs and attorney fees so needlessly sustained.

        Respectfully submitted,

        **CARSON FISCHER, P.L.C.**

        */s/ Robert M. Carson*
        ROBERT M. CARSON (P11682)
        DAVID E. SCHLACKMAN (P58894)
        Attorneys for Plaintiff
        4111 Andover Road; West – 2nd Floor
        Bloomfield Hills, MI 48302
        (248) 644-4840
        rcarson@carsonfischer.com

Dated: July 27, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

TOLLBROOK, LLC,

      Plaintiff,

  v.

CITY OF TROY,

      Defendant.

Case No. 2:20-cv-11938
Hon. Linda V. Parker
Magistrate Anthony P. Patti

---

CARSON FISCHER, P.L.C.
ROBERT M. CARSON (P11682)
DAVID E. SCHLACKMAN (P58894)
4111 Andover Road
West – 2nd Floor
Bloomfield Hills, MI 48302
(248) 644-4840
rcarson@caronfischer.com
dschlackman@carsonfischer.com
*Attorneys for Plaintiff*

LORI GRIGG BLUHM (P46908)
JULIE Q. DUFRANE (P59000)
500 W. Big Beaver Rd.
Troy, MI 48084
(248) 524-3320
j.dufrane@troymi.gov
*Attorneys for Defendant*

---

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND TO THE OAKLAND COUNTY CIRCUIT COURT

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... ii

STATEMENT OF ISSUE PRESENTED ............................................................... iii

CONTROLLING AUTHORITY FOR RELIEF REQUESTED ............................. iv

INTRODUCTION ..................................................................................................1

STATEMENT OF FACTS .....................................................................................1

ARGUMENT .........................................................................................................5

    I.    Troy Bears The Burden Of Proof To Establish That The Case Should Be Removed. ....................................................................................5

    II.    This Case Must Be Remanded To The Oakland County Circuit Court Because Tollbrook's Well-Pleaded Complaint Does Not Contain A Claim Alleging A Federal Question. ...................................................6

CONCLUSION .......................................................................................................7

# **INDEX OF AUTHORITIES**

**Cases**

*Alexander v. Electronic Data Systems Corporation*, 13 F.3d 940 (6th Cir. 1994) ................................................................................................................... iv, 6

*Caterpillar v. Williams*, 482 U.S. 386; 107 S.Ct. 2425; 96 L.Ed. 2d 318 (1987) ...... 6

*Cleveland Hous Renewal Project v Deutsche Bank Trust Co*, 621 F.3d 554 (6th Cir. 2010) ............................................................................................................ 5

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 126 S.Ct. 2121, 165 L.Ed. 2d 131 (2006 ....................................................................................... iv, 6

*Warthman v Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1061 (6th Cir. 2008) ............. 5

**Statutes**

28 U.S.C. §1331 ........................................................................................................ 1
28 U.S.C. §1441 ........................................................................................................ 1
28 U.S.C. §1446 ........................................................................................................ 1
MCL §125.3101. ....................................................................................................... 2
Michigan Constitution of 1963, Art 10, Sec 2 ................................................. 1, 3, 7

## **STATEMENT OF ISSUE PRESENTED**

Whether this case must be remanded to the Oakland County Circuit Court because Plaintiff's well-pleaded complaint does not state a claim under federal law.

Plaintiff responds: YES

Defendant presumably responds: NO

## **CONTROLLING AUTHORITY FOR RELIEF REQUESTED**

Plaintiff's motion is based upon the following grounds, as more fully discussed in the body of this Brief:

1. Pursuant to the "well pleaded complaint rule," Plaintiff has not asserted any claims that arise under federal law. See *Alexander v. Electronic Data Systems Corporation*, 13 F.3d 940 948 – 949 (6th Cir. 1994); *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90, 126 S.Ct. 2121, 165 L.Ed. 2d 131 (2006).

## INTRODUCTION

On June 19, 2020, Tollbrook, LLC ("Tollbrook") filed a two (2) count Complaint against City of Troy ("Troy") alleging the following state law claims only: (i) Count I – a taking of Tollbrook's property a taking without compensation in violation of the Michigan Constitution of 1963, Art 10, Sec 2; and (ii) Count II – a violation of Tollbrook's substantive due process rights under the Michigan Constitution based upon Troy's application of its zoning ordinance to Tollbrook's property as well as Troy's decisions as applied to Tollbrook's property.

Troy removed this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1441 or 28 U.S.C. §1446. This action, however, should not have been, and could not be, removed because this Court lacks jurisdiction over this matter since Tollbrook's Complaint against Troy does not allege a federal question. Accordingly, this matter must be remanded to the Oakland County Circuit Court.

## STATEMENT OF FACTS

Tollbrook, a Michigan limited liability company, is the owner of three adjoining parcels of real property on McClure Drive in Troy, Michigan having the common addresses of 3142 McClure Drive (Property Tax ID No. 88-20-20-476-007), 3114 McClure Drive (Property Tax ID No. 88-20-20-476-008) and 3086 McClure Drive (Property Tax ID No. 88-20-20-476-009) (collectively the "McClure Properties"). The McClure Properties total approximately 2.55 acres.

Troy is a Michigan Municipal Corporation whose Zoning Board of Appeals (the "ZBA") was established by Troy's Zoning Ordinance. The ZBA's duties and responsibilities are set forth in Troy's Zoning Ordinance and the Michigan Zoning Enabling Act (MCL 125.3101, *et. seq.*).

This state court action was brought to redress violations of only state law resulting from the application of Troy's zoning ordinance to the McClure Properties, relatively small parcels of land located just off of Big Beaver Road and wholly within an area designated in Troy's Master Plan as being part of the Big Beaver Road corridor (following an extensive study by Troy), and Troy's failure to accommodate a request to utilize the properties in accordance with its Master Plan.

After having been denied a conditional rezoning – a rezoning process by which an applicant proposes a specific use for a fully disclosed development and offers, pursuant to Michigan law, to undertake such a development, Tollbrook sought to simply rezone the McClure Properties to the designation indicated in Troy's Master Plan. For such a "straight rezoning", a complete description of a proposed use is neither required nor appropriate.

Troy denied the rezoning and Tollbrook's application to Troy's ZBA for a "use variance", as required under Michigan law before redress may be sought in the court, was denied.

2

Thereafter, for claims strictly limited to Michigan law (and **not** based upon any United States statute or Constitution), Tollbrook commenced suit in Oakland County Circuit Court on June 19, 2020 by filing a two (2) count Complaint against Troy. A copy of Tollbrook's Complaint is attached as Exhibit A. Count I of Tollbrook's Complaint, which asserts a claim for a taking without compensation in violation of the Michigan Constitution of 1963, Art 10, Sec 2, provides:

> 34. A land use restriction that fails to substantially advance a governmental interest constitutes a taking without compensation in violation of the Michigan Constitution of 1963, Art 10, Sec 2.
>
> 35. The development of the McClure Properties in accordance with the R-1B District zoning will result in a loss of money to Tollbrook and will not yield any return on its investment in purchasing the McClure Properties.
>
> 36. As applied to the McClure Properties, the R-1B District zoning does not substantially advance a legitimate state interest.
>
> 37. As applied to the McClure Properties, the R-1B District zoning is inconsistent with Troy's Master Plan.
>
> 38. The R-1B District zoning deprives Tollbrook of the economically viable use of the McClure Properties.
>
> 39. The R-1B District zoning has interfered with Tollbrook's investment-backed expectations with respect to the McClure Properties.
>
> 40. The R-1B District zoning denies Tollbrook of economically beneficial or productive use of the McClure Properties.
>
> 41. The R-1B District zoning denies Tollbrook of the opportunity to develop the McClure Properties.

> 42. Troy's arbitrary and capricious application of its Zoning Ordinances and Master Plan has prevented the McClure Properties from being developed and used as set forth in the Master Plan, denied Tollbrook of economically beneficial or productive use of the McClure Properties, and resulted in an unlawful taking without payment of just compensation.

See Exhibit A, ¶¶ 34-42.

Additionally, Count II of Tollbrook's Complaint, which asserts a claim for a violation of Tollbrook's substantive due process rights under the Michigan Constitution based upon Troy's application of its zoning ordinance to Tollbrook's properties as well as Troy's decisions as applied to Tollbrook's properties, states:

> 44. As applied to the McClure Properties, Troy's R-1B District zoning deprives Tollbrook of its due process rights.
>
> 45. The R-1B District zoning does not allow a reasonable use of the McClure Properties.
>
> 46. As applied to the McClure Properties, the R-1B District zoning does not bear a substantial relationship to the health, safety and welfare of the community as a whole.
>
> 47. The R-1B District zoning, as applied to the McClure Properties, is unreasonable, arbitrary and capricious.
>
> 48. Troy's application of its Zoning Ordinances as applied to the McClure Properties and its decision to reject the application for conditional rezoning, the Tollbrook Rezoning Application and the Use Variance Application by ignoring objective standards, imposing standards that are not within the Zoning Ordinances, and based upon findings that were directly contrary to the evidence in the record, was arbitrary, capricious and egregious.

> 49. Troy's application of its Zoning Ordinances as applied to the McClure Properties and its decisions to reject the application for conditional rezoning, the Tollbrook Rezoning Application and the Use Variance Application has denied Tollbrook due process of law, which is the proximate cause of substantial and continuing damages.

Exhibit A, ¶¶ 44-49.

On July 17, 2020, Troy improperly removed this case to the United States District Court of the Eastern District of Michigan asserting, incorrectly, that Tollbrook raised a federal question.

## **ARGUMENT**

### I. **Troy Bears The Burden Of Proof To Establish That The Case Should Be Removed.**

The burden of proof to remove a case always belongs to the removing party. See *Cleveland Hous Renewal Project v Deutsche Bank Trust Co*, 621 F.3d 554, 559 (6th Cir. 2010) and *Warthman v Genoa Twp. Bd. of Trs*., 549 F.3d 1055, 1061 (6th Cir. 2008). A defendant who seeks to remove a case bears the burden of demonstrating that the case as pled falls within the federal question jurisdiction of the district court. Federal question jurisdiction can be established by showing "either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." *Warthman, supra* (internal citations omitted). As such, Troy bears the burden of

establishing that Tollbrook's Complaint, as pled, falls within the deferral question jurisdiction of this Court – and it cannot.

**II. This Case Must Be Remanded To The Oakland County Circuit Court Because Tollbrook's Well-Pleaded Complaint Does Not Contain A Claim Alleging A Federal Question.**

A case arises under federal law when a "well-pleaded complaint establishes either that federal law creates a cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90, 126 S.Ct. 2121, 165 L.Ed. 2d 131 (2006).

Troy's assertion of federal question jurisdiction is based on its mischaracterization of Tollbrook's Complaint. The "well pleaded complaint rule" provides that the plaintiff is the "master of his complaint" and the fact that the wrong asserted could be addressed under either state or federal law does not diminish the plaintiff's right to choose a state court cause of action. *Alexander v. Electronic Data Systems Corporation*, 13 F.3d 940 948 – 949 (6th Cir. 1994). <u>The removing party cannot argue that the plaintiff should have pleaded a different set of facts that would have constituted a federal claim</u>. *Caterpillar v. Williams*, 482 U.S. 386; 107 S.Ct. 2425; 96 L.Ed. 2d 318 (1987).

Tollbrook's Complaint does not state any claims under federal law. Tollbrook's Complaint alleges a claim for the taking of the McClure Properties

6

without compensation **in violation of the Michigan Constitution of 1963, Art 10, Sec 2** and a claim for a violation of Tollbrook's substantive due process rights **under the Michigan Constitution**. Therefore, the decision on Tollbrook's claims requires that the state court apply Michigan law, activities routinely undertaken by state courts.

Accordingly, Tollbrook's well-pled Complaint sets forth claims that are based upon state constitutional law. There is no reason for this Court to retain jurisdiction of this case.

## **CONCLUSION**

Troy cannot meet its burden of establishing federal jurisdiction over this case. Tollbrook respectfully requests that the Court grant this motion, remand this case to the Oakland County Circuit Court and award Tollbrook its costs and attorney fees so needlessly sustained.

                                              Respectfully submitted,

                                              **CARSON FISCHER, P.L.C.**

                                              */s/ Robert M. Carson*
                                              ROBERT M. CARSON (P11682)
                                              DAVID E. SCHLACKMAN (P58894)
                                              Attorneys for Plaintiff
                                              4111 Andover Road; West – 2nd Floor
                                              Bloomfield Hills, MI 48302
                                              (248) 644-4840
Dated: July 27, 2020                     rcarson@carsonfischer.com

## **PROOF OF SERVICE**

The undersigned certifies that on July 27, 2020, Tollbrook, LLC's Motion for Remand to the Oakland County Circuit Court and this Proof of Service were served using the Court's CM/ECF system, which will send notification of such filing to the individuals listed on the Case Service List.

                                  Respectfully submitted,

                                  **CARSON FISCHER, P.L.C.**

                                  */s/ Robert M. Carson*
                                  ROBERT M. CARSON (P11682)
                                  DAVID E. SCHLACKMAN (P58894)
                                  Attorneys for Plaintiff
                                  4111 Andover Road; West – 2nd Floor
                                  Bloomfield Hills, MI 48302
                                  (248) 644-4840
Dated: July 27, 2020                  rcarson@carsonfischer.com